UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ABRAHAM CORTEZ-NUNEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26cv828 DRL-SJF |

## OPINION AND ORDER

Immigration detainee Abraham Cortez-Nunez, a litigant without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is being unlawfully detained in violation of the laws or Constitution of the United States.

Mr. Cortez-Nunez is a native and citizen of Mexico who was admitted into the United Statesas a B2 visitor and remained in the country beyond the authorized time [7-1]. On May 28, 2026, he was arrested by agents of United States Immigration and Customs Enforcement (ICE) pursuant to an administrative warrant and served with a notice to appear. ICE determined he should remain detained during the pendency of his removal proceedings [7-2]. His removal proceedings are ongoing, and he has not yet requested a custody redetermination hearing before an immigration judge.

Mr. Cortez-Nunez is currently detained at Miami Correctional Facility. On June 11, 2026, he filed this habeas petition arguing his continued detention violates his due process rights. He asks the court to order his immediate release from custody or, alternatively, order a custody redetermination hearing before an immigration judge under 8 U.S.C. § 1226(a).

The Warden argues this habeas petition should be dismissed because Mr. Cortez-Nunez did not exhaust his available administrative remedies before filing this petition, as he has not yet requested custody redetermination before an immigration judge. Mr. Cortez-Nunez does not dispute this argument or provide any evidence he has ever requested a custody redetermination hearing before an immigration judge.

The Attorney General has delegated his discretion under § 1226(a) to release a noncitizen from detention during removal proceedings by regulation—first, to specified immigration officers who may "release an alien not described in [§ 1226(c)(1) (regarding criminal aliens)], under [bond or conditional parole]; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8). That is called an initial custody determination. After that initial custody determination, a noncitizen may apply to an immigration judge for a custody redetermination, and the immigration judge is authorized to exercise the authority in § 1226 "to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1); *see also* 8 C.F.R. § 1003.19 (detailing procedures for custody or bond redeterminations by an immigration judge). The noncitizen may appeal the immigration judge's decision on custody redetermination to the Board of Immigration Appeals. 8 C.F.R. § 236.1(d)(3).

The "general rule" is that parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992). But where "exhaustion of administrative remedies is not statutorily mandated,"

"sound judicial discretion governs" whether it must be accomplished. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). In exercising discretion whether to depart from the general rule, the court considers "the nature of the claim presented and the characteristics of the particular administrative procedure provided," *McCarthy*, 503 U.S. at 146, always cognizant that "individual interests demand that exhaustion be excused" when:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez*, 355 F.3d at 1016 (quoting *Iddir v. INS,* 301 F.3d 492, 498 (7th Cir. 2002)).

Here, Mr. Cortez-Nunez is asking the court to order a custody redetermination hearing before an immigration judge. But he has not yet exhausted his available remedy of requesting a custody redetermination before an immigration judge. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1), 1003.19. The immigration regulations provide that a noncitizen like Mr. Cortez-Nunez may request a custody redetermination before an immigration judge "at any time" before his removal order becomes final, meaning this remedy still is available to him. *See* 8 C.F.R. § 236.1(d)(1). He need only submit an "[a]pplication for an initial bond redetermination . . . orally, in writing, or, at the discretion of the Immigration Judge, by telephone," to "the Immigration Court having jurisdiction over the place of detention." 8 C.F.R. § 1003.19(b)-(c). Mr. Cortez-Nunez does not argue, and the record does not reflect, that any of the four criteria that "demand that exhaustion be excused" discussed in *Gonzalez* are present here. *See Gonzalez*, 355 F.3d at 1016. Therefore, he should exhaust his available

remedy of requesting custody redetermination before an immigration judge before he brings his claims to this court.

Accordingly, Mr. Cortez-Nunez's petition for writ of habeas corpus will be dismissed without prejudice to permit him to exhaust his available administrative remedies, including requesting custody redetermination before an immigration judge and, if necessary, appealing the immigration judge's decision on custody redetermination to the Board of Immigration Appeals.

For these reasons, the court DISMISSES WITHOUT PREJUDICE the petition for a writ of habeas corpus [1].

SO ORDERED.

October 5, 2026

*s/ Damon R. Leichty*
Judge, United States District Court